# UNITED STATES DISTRICT COURT
## DISTRICT OF VERMONT

| | | |
|---|---|---|
| Charles Chandler | ) | CIVIL CASE |
|     Plaintiff | ) | DOCKET NO. 2:09-CV-63 |
| | ) | |
|     V. | ) | |
| | ) | |
| Kraig LaPorte | ) | |
| Christopher Loyzelle | ) | |
| Vermont State Police | ) | |
|     Defendants | ) | |

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2009 MAR 12 AM 9: 14

CLERK

BY _____
DEPUTY CLERK

KAK

## COMPLAINT

Now comes the Plaintiff , Charles Chandler , to complain as follows :

## PARTIES

1. Plaintiff , Charles Chandler , is a citizen and resident of the United States and former decorated non-commissioned officer of the United States Marine Corps , Vietnam Era Veteran , Business Owner in the Tri State Area and Father of three children , residing in Newfane , Vermont .

2. Defendant , Christopher Loyzelle is / was at all times relevant to the matters set forth herein , an employee / Officer of the Vermont State Police and Individually in his capacity as a member of the Vermont State Police , State of Vermont.

3. Defendant , Kraig  LaPorte is / was at all times relevant to the matters set forth herein , an employee / Officer of the Vermont State Police and Individually in his capacity as a member of the Vermont State Police , State of Vermont.

4. Defendant , Vermont State Police , is an agency of the sovereign State of Vermont . The State of Vermont is a sovereign State of the United States of America.

1.

## JURISDICTION

5.      Jurisdiction is vested in this Court pursuant to  28 U.S.C. 1343 , in that the Plaintiff alleges deprivation of federal civil rights by persons acting under color of state law resulting in liability under 42 U.S.C. 1983 , Further Jurisdiction is vested in the Court pursuant to 18 U.S.C. ss 1962-1964 ( R.I.C.O. ) in that the Defendant's acts were in part that of a clearly organized group of persons acting together to commit crimes against a Business and or Person conducting trade or business within two or more States within the United States of America. Still further , Jurisdiction is vested in the Court pursuant to 18 U.S.C. 872 , 1951 in that the Plaintiff alleges the Defendants retaliated against the Plaintiff when the Plaintiff informed the Defendants that the Plaintiff would be complaining or reporting their criminal behavior .

## FACTUAL  ALLEGATIONS

6.      On March 6 , 2009  the Plaintiff was at the Vermont State Police Barracks , Troop "D"  in Brattleboro , Vermont . The Plaintiff , Charles Chandler accompanied a Leo Dupont who was serving United States District Court Summons and Complaints upon four Defendants , Lora, Albright , Waitekus , LaBombard  ( Docket # 1 : 09-CV-59 ) .

7.  Christopher Loyzelle was present and was hostile and threatening , impeding Mr. Dupont from serving the Federal Summons and Complaints . Defendant Loyzelle was yelling and spiting at Mr. Dupont and the Plaintiff.

8. Defendant Loyzelle yelled, " you're on private property get the fuck out of here , Get in your car now !  Defendant Loyzelle then started spiting tobacco juice at Mr. Dupont

2.

and the Plaintiff. Mr. Dupont put the paperwork on the ground and left.

9. Defendant Loyzelle had his hand on his gun in a threatening manner and he put Mr. Dupont and the Plaintiff in fear of their life. Defendant Loyzelles acts were unprofessional , cowardly , and criminal and a clear violation of the Plaintiffs United States Constitutional Rights as well as a violation of the Plaintiffs Vermont State Constitutional Rights .

10. Defendant Loyzelle's criminal and cowardly behavior was reported to the Headquarters of the Vermont State Police and the Vermont Attorney Generals Office, however because of the pending actions before this Court it is unlikely that either office will take any action.

11. Defendant LaPorte impeded the Plaintiffs ability to make civil process on his fellow Officers and friends . Defendant LaPorte lied to the Plaintiff . The Plaintiff ask Defendant LaPorte where were the Defendants. Defendant LaPorte stated that he did not know where they lived or where they were working or their shift etc. This is impossible because Defendant LaPorte is the Barracks Manager and makes up the schedule and knows all of the Defendants as they work under him.

12. Further , Defendant LaPorte informed the Plaintiff that serving the Defendants was his problem and no one was going to help him. In doing this and tell the Defendants to evade the United States District Court Summons and Complaints Defendant LaPorte was stopping a legal process and injuring the Plaintiff by denying him his United States Constitutional Rights Amendment 1 , Amendment 14 , and the protection from 18 U.S.C. 1962-1964 (RICO ) and 18 U.S.C. 872 , 1951 as well as violating Vermont State Law .

13. Since March 6 , 2009 some of the Defendants have driven by the Plaintiffs business and given the Plaintiff the middle finger and made threatening gestures with their hands .

14. Defendant Loyzelle illegally sent the Plaintiff a false citation claiming that several days ago he saw the Plaintiff make a turn with his truck and failed to use turn signals. ( see attached ) This retaliation is part of the ( RICO ) statute that the Defendants of this and other pending complaints before this Court are contributing to.

3.

15. Defendant Loyzelle violated Vermont State Law when he made this False Complaint about the Plaintiff, False Reporting Title 13 , ss 1754 and  Title 13 , ss 2901 , (a)  Perjury

16.  Further , Both Defendants Loyzelle and Defendant LaPorte violated the Plaintiffs Vermont State Constitutional Rights Article 1 , Article 4 and Article 6  . Both Defendants are angry and dishonest and put the Plaintiff in Fear of his life with their deliberate and malicious acts . Both Defendants have injured the Plaintiff and are liable to the Plaintiff under 42 U.S.C. 1983 as they were acting under color of State Law when they committed these criminal acts.

## FIRST  CLAIM  FOR  RELIEF

Plaintiff re-alleges paragraphs 1 through 16. Above as if set forth in full herein.

17. Defendant Loyzelle because he occupied the official capacity of an employee and State Officer of Vermont had a duty to know the State of Vermont Laws and procedures prior to Spitting at the Plaintiff and his Agent of civil process and impeding the Plaintiffs right to " petitioning the Government for redress of grievances ".

The Laws and regulations of the State of Vermont are clearly enunciated and easily understood even by a lay person. No Vermont Law or regulation grants any person any such right , power or authority to Spit , Verbally Abuse or Physically threaten to injure a person or behave in the manner that Defendant Loyzelle acted.

Defendant Loyzelle violated the Plaintiffs first amendment right to the United States Constitution when he prohibited the Plaintiff from , " petitioning the Government for redress of grievances " .  The Plaintiff complained to Defendant LaPorte that  Defendant Loyzelle  had in fact , " Assaulted and Battered him " . Defendant LaPorte did nothing to stop Defendant Loyzelle or take appropriate legal action to protect the Plaintiff from Defendant Loyzelle . In fact , Defendant LaPorte encouraged other Defendants to join in with said behavior and continued with the Hostile behavior and physical harm to the Plaintiff. Defendant Loyzelle and Defendant LaPorte injured the Plaintiff and are liable to Plaintiff for Damages under 42 U.S.C.  ss 1983 .

4.

## SECOND CLAIM FOR RELIEF

Plaintiff re-alleges paragraphs 1 through 17 above as if set forth in full herein.

18.     Defendant Loyzelle and Defendant LaPorte  acts were to seize the Plaintiffs image, embarrass, humiliate, Harass, Intimidate, and deliberately inflict emotional and physical injury upon the Plaintiff which they  succeeded in doing.  The Defendant Loyzelle and Defendant LaPorte  injured the Plaintiff and are liable to the Plaintiff for Damages under 42 U.S.C. ss 1983.

## THIRD CLAIM FOR RELIEF

Plaintiff re-alleges paragraphs 1 -through 18 above as if set forth in full herein.

19.   Defendant Loyzelle and Defendant LaPorte  denied the plaintiff his protected rights under the United States constitution amendment Fourteen, "Equal protection of the laws" when he allowed his Officer, Defendant Loyzelle to assault and batter and  further cause physical and emotional injury to the Plaintiff.  In denying the Plaintiff his equal protection under the laws, Defendant Loyzelle and Defendant LaPorte injured the Plaintiff and are liable to the Plaintiff for damages under 42 U.S.C. ss 1983.

## FOURTH CLAIM FOR RELIEF

Plaintiff re-alleges paragraphs 1 -through 14 above as if set forth in full herein.

15. Defendant Loyzelle , Defendant LaPorte and Defendant Vermont State Police troop " D "  consists of several persons that acted jointly under the direction of the Branch Manager Defendant LaPorte.  The agency of the Vermont State Police is responsible for all of its officers.  Defendant Vermont State Police troop " D " is part of the agency of the Vermont State Police  Wherefore, Defendant Vermont State Police and its Officers

5.

injured the Plaintiff and are liable to the Plaintiff for damages under 42 U.S.C. ss 1983.


# FIFTH CLAIM FOR RELIEF


Plaintiff re-alleges paragraphs 1 -through 20 above as if set forth in full herein.

21. Defendant Vermont State Police, a group of over five persons, together with Defendant Loyzelle and Defendant LaPorte acted in a manner to jointly and corruptly deny the Plaintiff his constitutional rights as listed above. Wherefore, Defendant Vermont State Police and Defendant Loyzelle and Defendant LaPorte injured the Plaintiff and are liable to the Plaintiff for damages under 42 U.S.C. ss 1983 and 18 U.S.C. ss 1951, 1962-1964 (R.I.C.O.)  for their Criminal behavior .


**WHEREFORE , the Plaintiff Prays that this Honorable Court grant Plaintiff judgment and the following relief :**

1.      Compensatory damages in such amount as the trier of fact may deem just.
2.       Punitive damages where allowed by law.
3.      Compensatory and Punitive damages  threefold where allowed by law.
4.      Plaintiff's reasonable costs and attorney's fees as allowed by law.
5.      Such other and further relief as this Court may deem just and equitable .
6.      Grant a Protective Order from this Court barring the Defendants Loyzelle Defendant LaPorte and Defendant Vermont State Police from having any contact with the Plaintiff or his family.
7.       Immediately cite Defendant Loyzelle and Defendant LaPorte with a Criminal Complaint under 42 U.S.C. 1983 ,  18 U.S.C. 1951 , 1962-1964 ( RICO ) and any other criminal complaint this Court deems appropriate And further bar them from holding any public office until the outcome of their Criminal case.


Dated this  __11__  day of  March  , 2009.


6.

Respectfully,

Charles Chandler
1075 Route 30
Newfane , Vermont   05345
802-365-7701
802-365-7685  fax.


## DEMAND  FOR  JURY  TRIAL

Plaintiff demands a jury trial on all issues so triable .

DATED at Brattleboro , Vermont this __11__ day of  March  , 2009 .


**Charles Chandler**
**1075 Route 30**
**Newfane, Vermont 05345**
**802-365-7701**
**Plaintiff**

7.