UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| CHARLES CHANDLER,    )<br>    Plaintiff    )<br>        )<br>    v.    )<br>        )<br>KRAIG LAPORTE, CHRISTOPHER    )<br>LOYZELLE, and VERMONT    )<br>STATE POLICE,    )<br>    Defendants.    ) | Case No. 1:09-cv-63-jgm |

**DEFENDANTS' MOTION TO DISMISS**

Defendants, Kraig LaPorte, Christopher Loyzelle and the Vermont State Police, by and through the undersigned counsel, respectfully move this Honorable Court for an order dismissing the Complaint, pursuant to Rule 12(b)(6), and state as follows:

Chandler asserts five counts, purporting to state claims for violation of Chandler's civil rights and the RICO act. Each count is defective, and should be dismissed, with prejudice.

    **I.    The State is immune from suit in this Court.**

Chandler sues the Vermont State Police, an entity of the State of Vermont, which is entitled to sovereign immunity. *See Jacobs v. State Teachers' Retirement System*, 174 Vt. 404, 408 (2002) (sovereign immunity protects "the state and its components.") Vermont State Police is a component of the State, under the Department of Public Safety (*see* 20 V.S.A. Part 5), and may not be sued in this Court pursuant to the Eleventh Amendment to the United States Constitution. *See Alden v. Maine*, 527 U.S. 706, 713 (1999); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (holding that the 11th Amendment bars suits in federal court against states, unless Congress or the state has waived the immunity).

Similarly, to the extent the four individual defendants are sued in their official capacities, those claims are treated as claims against the State and should be dismissed. *See Graham*, 473 U.S. at 169 (holding that official capacity claims are essentially claims against the state); *Brandon v. Holt*, 469 U.S. 464, 471 (1985) (holding that the Eleventh Amendment applies to official capacity claims). While the Complaint does not use the designation "official capacity," each individual defendant is sued "Individually (sic) in his capacity as a member of the Vermont State Police, State of Vermont." *See* Complaint ¶¶ 2-3. A defendant sued in their capacity as an employee is sued in their official capacity, *Frooks v. Town of Cortlandt*, 977 F.Supp. 438, 449 n.4 (S.D.N.Y. 1998), for which reason sovereign immunity and the Eleventh Amendment preclude this suit as to Defendants LaPorte and Loyzelle in their official capacities.

Vermont has not waived its immunity to suit in federal court. *See* 12 V.S.A. § 5601(g) (reserving Eleventh Amendment immunity for all claims not explicitly waived). Congress has not abrogated sovereign immunity for claims under 42 U.S.C. § 1983, see *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 67 (1989), or RICO. *See Molina v. State of New York*, 956 F.Supp. 257, 260 (E.D.N.Y. 1995).

Although the complaint was filed pro se, Plaintiff is aware of the foregoing deficiencies, having unsuccessfully brought suit in this Court against the Vermont State Police and individual state employees in their official capacities recently. *See* Chandler v. Sorrell, et al., File No. 1:07-CV-251, paper no. 44 (Order and Opinion filed 5/21/08) at pages 14-15.

Accordingly, counts 1-5 should be dismissed as to the defendants in their official capacities, and counts 4-5 should be dismissed as to the Vermont State Police, without leave to amend.

II.   **Section 1983 does not apply to the State or its employees in their official capacities.**

While § 1983 provides a cause of action against a person, acting under the color of law, who violates the civil rights of a claimant, the Supreme Court has ruled that states and state employees in their official capacities are not "persons" under the statute, and cannot be sued for such a violation. *See Will*, 491 U.S. at 71. For this additional reason, the complaint should be dismissed as to the defendants in their official capacities, and as to the Vermont State Police, with prejudice.

III.   **Count one fails to state a § 1983 claim.**

Count one purports to allege a civil rights violation against Defendant Loyzelle for impeding Chandler's right to petition the government for redress of grievances, and against Defendant LaPorte for abetting this act. The claim is defective for several reasons.

First, the facts do not allege any action taken under color of law. While the defendants are alleged to have been at the barracks, there are no allegations of conduct "made possible only because the wrongdoer is clothed with the authority of state law." *Monsky v. Moraghan*, 127 F.3d 243, 245 (2d Cir. 1997), quoting *West v. Atkins*, 487 U.S. 42, 49 (1988). The complaint only alleges acts of the defendants in the ambit of their personal pursuits, which are excluded from liability. *Id.*, quoting *Pitchell v. Callan*, 13 F.3d 545, 547-48 (2d Cir. 1994).

Secondly, Chandler alleges no injury; the allegations are that the defendants attempted to impede his service of process. That process was deemed served, however, and the defendants have moved to dismiss the complaint served by Chandler and his companion. *See* Case no. 09-cv-59, Paper 8. A cause of action requires an actual injury. *Prestopnik v. Whelan*, 253 F.Supp.2d 369, 376 (N.D.N.Y.), aff'd 83 Fed. Appx. 363 (2d Cir. 2003) (plaintiff who suffers no actual injury lacks standing to bring claim for violation of Petitions Clause). *See generally*

3

*Frends of the Earth, Inc. v. Laidlaw Environmental Services (TOC)*, 528 U.S. 167, 180-81 (2000) (standing requires injury in fact).

Thirdly, the right to petition for redress does not guarantee a right to serve process free from invective. The right simply requires an avenue by which citizens can voice their grievances, and does not require government to listen. Thus, the right is satisfied by the availability of a judicial remedy. *Baltoski v. Pretorius*, 291 F.Supp.2d 807, 811 (N.D. Ind. 2003). Chandler does not allege he was denied the right to bring the suit, or that defendants succeeded in preventing that suit from being heard. Count one should be dismissed.

**IV.     The complaint fails to allege a § 1983 claim for seizing Chandler's image.**

The second count should be dismissed, because Chandler does not allege any facts upon which a constitutional violation could be found. Chandler simply asserts the bald conclusion that each defendant's acts "were to seize the Plaintiff's image, embarrass" and otherwise cause Chandler injury. *See* Complaint ¶ 18. There is no reference to any constitutional violation, and the only reference to a constitutional issue is the seizure of Plaintiff's image. However, there are no facts alleged which rise to the level of an unconstitutional seizure.

While there are cases which recognize that a criminal defendant's image may be seized, there must be some photographic or videotaped display of the image to the media to state a constitutional violation. *See Cook v. Apple*, 145 Fed.Appx. 700, 701, 2005 WL 1883488 (2d Cir. 2005) (holding that post-arrest oral descriptions of the arrest "and even immaterial, extraneous information related to the plaintiff's eccentricities which serve no useful law enforcement purpose" are not sufficient to constitute seizure of an image.) Chandler does not allege that he was arrested, much less filmed and displayed in some fashion. This count should be dismissed.

**V.     The complaint fails to allege an Equal Protection Clause violation.**

Chandler attempts to frame the allegations that the individual defendants "assaulted" him as an equal protection violation.  *See* count three.  However, Chandler makes no attempt to establish the requisite elements of an equal protection claim, such as the existence of others similarly situated who are treated differently, or that he is a member of a suspect classification. *See generally Brady v. Town of Colchester*, 863 F.2d 205, 216 (2d Cir. 1985).  In *Jennings v. City of Stillwater,* 383 F.3d 1199, 1213 (10th Cir. 2004), the court affirmed a summary judgment where the plaintiff did not make an adequate showing that similarly situated persons were treated differently by the police, and thus could not establish an equal protection violation.  The same is true in this case, as Chandler has made no such allegations.  Count three should be dismissed.

**VI.    Count four fails to state a claim.**

Chandler does not identify a cause of action in count four, averring only that the Troop D of the Vermont State Police consists of several people acting under Defendant LaPorte, and that the Vermont State Police are liable for their employees.  There is no constitutional violation alleged, and apparently Chandler attempts to plead a claim for vicarious liability in count four. There is no vicarious liability under § 1983, however, and Chandler makes no attempt to plead the elements of a supervisory liability claim.  *See Iqbal v. Hasty*, 490 F.3d 143, 152-53 (2d Cir. 2007) (discussing the various methods by which supervisory liability can be alleged under § 1983).  Count four should be dismissed.

**VII.   The complaint fails to allege a RICO claim.**

Chandler asserts that the State is liable for its employees, specifically the two individual defendants, who acted jointly to deny his constitutional rights, in count five.  Assuming these

5

allegations to be true, for purposes of this motion, the complaint fails to meet any of the requirements for pleading a civil RICO claim.

To state a claim, a civil RICO pleading must allege that each defendant committed, or aided and abetted the commission of, at least two predicate acts, which acts must be related and which must amount to, or threaten the likelihood of, continued criminal activity.  *See Powell v. H.E.F. Partnership*, 793 F.Supp. 91, 95 (D.Vt. 1992); *Frooks*, 977 F.Supp. at 457.  Chandler does not allege a single predicate act, and does not allege a pattern of activity (either open- or close-ended), or the existence of a racketeering enterprise in which each defendant participated, or that the activity affected interstate or foreign commerce.  *See Frooks*, 977 F.Supp. at 457.  Hence, Chandler does not meet the requirements to state a claim for civil RICO upon which relief can be granted.  Nor can the State be held liable for the acts of its employee, for the reasons stated in section I, supra.  Furthermore, Chandler makes no attempt to establish respondeat superior liability under civil RICO.  *See Moses v. Martin*, 360 F.Supp.2d 533, 549 (S.D.N.Y. 2004) (discussing requisite distinction between corporate RICO defendant and RICO enterprise); *id.* at 551 (even if distinctness requirement met, corporate defendant must benefit from employees' predicate acts).  For all of the foregoing reasons, the RICO claim should be dismissed with prejudice.

### VIII.  Defendants are entitled to qualified immunity.

The individual defendants are entitled to qualified immunity.  Qualified immunity shields a government official from liability for acts taken during the course of employment, even if such acts are unconstitutional, if the official "reasonably misapprehends the law governing the circumstances she confronted."  *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (citing *Saucier v. Katz*, 533 U.S. 194, 206 (2001) (qualified immunity operates "to protect officers from the

6

sometimes 'hazy border between excessive and acceptable force'")).  The first step of the qualified immunity analysis asks whether the complaint even alleges a violation of federal law.  If it does not, qualified immunity applies.  *Saucier*, 533 U.S. at 205-06.  If the complaint does assert the violation of a constitutional right by an official, the Court must determine if that right was clearly established at the time of the officer's actions.  *Brosseau*, 543 U.S. at 198.  If no clear law existed, qualified immunity applies.  *Id*.  Finally, if the right was clearly established, the officer still is entitled to immunity if it was objectively reasonable for the officer to believe that his actions did not violate such law.  *Saucier*, 533 U.S. at 205; *Poe v. Leonard*, 282 F.3d 123, 131-32 (2d Cir. 2002).

The determination of whether an official is entitled to qualified immunity is normally a legal issue, to be resolved by the Court as early as possible and well prior to trial.  *See Hunter v. Bryant*, 502 U.S. 224, 228 (1991); *Mitchell v. Forsyth*, 472 U.S. 511, 528 (1985).  "If the law at that time did not clearly establish that the officer's conduct would violate the Constitution, the officer should not be subject to liability or, indeed, even the burdens of litigation." *Brosseau*, 543 U.S. at 198.  A dismissal based on qualified immunity, therefore, can be appropriate if the allegations so warrant.  "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell*, 472 U.S. at 526.  *See McElvoy v. Spencer*, 124 F.3d 92, 97 (2d Cir. 1997) (citing *Behrens v. Pelletier*, 516 U.S. 299, 306 (1996)).  This is such a case.

Chandler does not allege the violation of federal law, much less one clearly established, against the individual defendants, as stated above.  To the extent that a violation is alleged in the numerous other counts, there is no clearly established law on which any defendant could be found to be on notice that his alleged conduct was clearly unlawful.  In *Brosseau*, 543 U.S. at

198-99, the Court reiterated that the qualified immunity inquiry must be based on the specifics of the case, and not on broad general propositions. Those specifics are absent, and the individuals are entitled to qualified immunity on all counts.

### IX. The complaint seeks impermissible damages.

In the damages clause, Chandler seeks attorneys fees, although he has no attorney, and requests criminal charges be brought against defendants and that they be prohibited from holding public office until those charges are resolved. There is no authority for granting such relief, and these requests should be stricken.

### Conclusion

For the reasons stated above, the complaint should be dismissed.

**DATED** at Montpelier, Vermont this 2nd day of April, 2009.

                              STATE OF VERMONT

                              WILLIAM H. SORRELL
                              ATTORNEY GENERAL

                By:    /s/ David Cassetty
                          David Cassetty
                          Assistant Attorney General
                          Office of the Attorney General
                          109 State Street
                          Montpelier, VT 05609-1001
                          Tel. (802) 828-3176
                          dcassetty@atg.state.vt.us

                          Counsel for Defendants Kraig LaPorte,
                          Christopher Loyzelle and the Vermont State
                          Police

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of April, 2009, I electronically filed Defendants' Motion to Dismiss with the Clerk of the Court using the CM/ECF system, and that on this same day I have mailed by United States Postal Service, the document to the following non-registered participant:

    Charles Chandler
    1075 Route 30
    Newfane, VT 05345

    STATE OF VERMONT

    WILLIAM H. SORRELL
    ATTORNEY GENERAL

By:   /s/ David Cassetty
      David Cassetty
      Assistant Attorney General
      Office of the Attorney General
      109 State Street
      Montpelier, VT 05609-1001
      Tel. (802) 828-3176
      dcassetty@atg.state.vt.us

      Counsel for Defendants Kraig LaPorte, Christopher Loyzelle and the Vermont State Police